UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONTGOMERY BLAIR SIBLEY,    )
                            )
         Plaintiff,         )
                            )
    v.                      )    Civil Case No. 08-1797 (RJL)
                            )
SAMUEL A. ALITO, JR. *et al.*,  )
                            )
         Defendants.        )

MEMORANDUM ORDER
(January __, 2009)

Plaintiff Montgomery Blair Sibley, *pro se*, sues the nine justices of the Supreme Court, seeking forfeiture of their offices "for their misbehaviour [sic] in office in violation of Article III, §1 of the United States Constitution." Compl. ¶ 1.a. Plaintiff also asks this Court to enter damages against Danny Brickell, a deputy clerk for the Supreme Court, for "denial to Plaintiff of access to Court." Compl. ¶ 1.b. Because this Court does not have jurisdiction over either of these claims, plaintiff's complaint is dismissed *sua sponte*.

First, plaintiff asks this Court to remove the justices of the Supreme Court from office. The Constitution commits the issue of removal on impeachment of civil officers of the United States – including federal judges – to Congress. U.S. Const. art. I, §§ 2, 3. Therefore, the removal from office of the justices of the Supreme Court is a political question that is nonjusticiable by this Court. *See*

*Nixon v. United States*, 506 U.S. 224 (1993); *Bergen v. Edenfield*, 701 F.2d 906, 908 (11th Cir. 1983) ("Congress has never given a district court the power in a civil action to enjoin an Article III judge from continuing to sit on the bench . . . ."). Because this is not a claim that can be resolved by the courts, it is hereby **DISMISSED**.

Second, the deputy clerk of the Supreme Court, whom plaintiff sues in his individual capacity for damages, is immune from suit. "[C]lerks, like judges, are immune from damage suits for the performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The actions plaintiff complains of here – refusal to file plaintiff's motions for failure to comply with the Supreme Court's rules – are "part and parcel of the process of adjudicating cases." *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007). Mr. Brickell is immune from suit for the performance of these tasks, which are an integral part of the judicial process. *See Reddy*, 520 F. Supp. 2d at 130-31 (holding a Supreme Court clerk immune from suit for rejection of plaintiff's papers for docketing). This claim, too, is therefore **DISMISSED**.

**SO ORDERED.**

*[signature]*
RICHARD J. LEON
United States District Judge