UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY BLAIR SIBLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL A. ALITO, JR. *et al.*, )<br>)<br>Defendants. )<br>) | Civil Case No. 08-1797 (RJL) |

MEMORANDUM ORDER
(June 9, 2009) [# 16]

Before the Court is *pro se* plaintiff Montgomery Blair Sibley's motion [Dkt. # 16] to alter or amend its May 15, 2009, Order, which denied Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [Dkt. # 14]. For the reasons discussed below, plaintiff's motion is **GRANTED** in part and **DENIED** in part.

Federal Rule of Appellate Procedure 24(a)(2) requires that when a District Court denies a motion to appeal *in forma pauperis* ("IFP"), it must state its reasons in writing. Accordingly, the Court **GRANTS** plaintiff's motion in part and amends its May 15, 2009, Order, which did not contain a statement of reasons, to include the following explanation. Mr. Sibley is a frequent filer. The issue he sought leave of this Court to appeal IFP, i.e., whether claims against Justices and officers of the Supreme Court for official acts are barred by judicial immunity—is not only well settled, but it has been decided *against* Mr. Sibley in a nearly

identical case he filed previously in this jurisdiction. *See Sibley v. Breyer*, No. 07-5009 (D.C. Cir. May 15, 2007) (unpublished opinion) (summarily affirming the District Court's determination that judicial immunity barred Mr. Sibley's claims against federal Judges and Justices of the Supreme Court). Therefore, pursuant to 28 U.S.C. 1915(a)(3), the Court certifies that Mr. Sibley's appeal may not proceed IFP because it is not in good faith. *See Wooten v. District of Columbia Metropolitan Police Department*, 129 F.3d 206, 207 (D.C. Cir. 1997).

In addition to requesting a statement of reasons, Mr. Sibley asks that the Court reconsider its decision to deny him leave appeal IFP. Mr. Sibley has provided no basis for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(6), however.[1] Therefore, the portion of plaintiff's motion that seeks reconsideration of the Court's May 15, 2009, Order is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

---

[1] *See, e.g., Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (noting "[a] Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice'") (citations omitted); *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 n.3 (D.C. Cir. 1980) (noting that Rule 60(b)(6) applies only to "extraordinary circumstances") (citations omitted).